IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATTI LARDAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 193 |
| | ) | |
| SLAVKO DRCIC. MILOVAN GRCIC, DRAZA GRCIC, THOMAS J. KARACIC and AMALGAMATED BANK of CHICAGO, an Illinois Banking Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| Danny Christafalos, | ) | |
| | ) | |
| Debtor-Appellant. | ) | |
| | ) | |
| v. | ) | No. 14 C 6958 |
| | ) | |
| Joseph E. Cohen, Chapter 7 Trustee, | ) | Appeal from the United States Bankruptcy Court, N.D. Ill. No. 13 B 47319 |
| Appellee. | ) | |

# **OPINION AND ORDER**

Before the court are two cases involving related issues: ***Lardas v. Grcic***, 14 C 193 ("***Lardas***"), alleging fraud and breach of contract claims, and ***In re***

***Christofalos***, 14 C 6958, a debtor's appeal from a decision of the Bankruptcy Court permitting the bankruptcy Trustee to sell an asset of the bankruptcy estate, the Debtor's 99% interest in Wauconda Shopping Plaza LLC ("WSP LLC"), which owns the Wauconda Shopping Plaza (the "Plaza"). The Debtor, Danny Christofalos, objected to the sale, contending his entire interest in WSP LLC is an exempt asset. In ***Lardas***, plaintiff Patti Lardas (Christofalos's aunt) alleges that she was fraudulently induced to enter into a settlement of two lawsuits (***Grcic v. Christofalos***, No. 09 CH 1789 (Lake Cy. Ill. Cir. Ct.), and ***Lardas v. Grcic***, No. 11 C 4258 (N.D. Ill.)) involving claims made by and against her and Christofalos involving the Plaza, WSP LLC, and other properties and entities. Christofalos had also been a plaintiff in ***Lardas***, but his claims were dismissed without prejudice based on a holding that the claims belonged to the bankruptcy estate.[1]

---

[1]The dismissal of Christofalos from ***Lardas*** removed a question concerning diversity jurisdiction. It was argued that diversity jurisdiction did not exist because Christofalos was an Illinois citizen, not a Wisconsin citizen as he claimed. Previously, the United States Bankruptcy Court for the Eastern District of Wisconsin had dismissed Christofalos's Chapter 7 filing in that district based on a findings that false schedules had been submitted and there was not proper venue under 28 U.S.C. § 1408 because, as of 2012, Christofalos's residence or domicile was not in Wisconsin. *See* **In re Christofalos**, 13-30264 (Bankr. E.D. Wis. Nov. 25, 2013) (docket entry 45).

Defendants move to dismiss Lardas's claims based on a lack of standing or, alternatively, because fraud and breach of contract are not adequately alleged. Lardas is a citizen of Canada. Defendants are Illinois residents. The court has jurisdiction of the parties and the subject matter of both **Lardas**, *see* 28 U.S.C. § 1332(a)(2), and **Christofalos**, *see* 28 U.S.C. §1334(a), 28 U.S.C. § 158.

## I.

*Lardas* will be addressed first. Although defendants refer to their motion as being pursuant to Fed. R. Civ. P. 12(b)(6), the aspect of the motion requesting dismissal on standing grounds is a jurisdictional issue within the ambit of Rule 12(b)(1). *See* **RWB Serv., LLC v. Hartford Computer Group, Inc.,** 539 F.3d 681, 683 (7th Cir. 2008); **Patel v. City of Chicago**, 383 F.3d 569, 571 (7th Cir.2004). Defendants rely on the facts pleaded by Lardas. All facts adequately alleged in the Amended Complaint are accepted as true and all reasonable inferences are drawn in plaintiff's favor. **Scanlan v. Eisenberg**, 669 F.3d 838, 841 (7th Cir. 2012).

> The burden to establish standing is on the party invoking federal jurisdiction--here, [Lardas]--and the elements she must show are:
> (i) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or

> hypothetical; (ii) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision.
>
> ***Lee v. City of Chicago***, 330 F.3d 456, 468 (7th Cir. 2003) (citing ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560-61 (1992)).
>
> To satisfy the injury-in-fact requirement, [Lardas] "must establish that [she] has sustained or is immediately in danger of sustaining some direct injury." ***Wis. Right to Life, Inc. v. Schober***, 366 F.3d 485, 489 (7th Cir. 2004) (quoting ***Tobin for Governor v. Ill. State Bd. of Elections***, 268 F.3d 517, 528 (7th Cir. 2001)). "Mere speculation is not enough to establish an injury in fact." ***Id.***

***Scanlan***, 669 F.3d at 841-42. At the pleading stage, general factual allegations usually will be sufficient. ***Alliant Energy Corp. v. Bie***, 277 F.3d 916, 920 (7th Cir. 2002). On pleading challenges, facts alleged in response to a motion to dismiss may be considered as long as they are consistent with the allegations of the complaint. *See* ***Brokaw v. Mercer County***, 235 F.3d 1000, 1006 (7th Cir. 2000); ***Forseth v. Village of Sussex***, 199 F.3d 363, 368 (7th Cir. 2000).

According to the allegations of the Amended Complaint and consistent with the settlement document that is attached as Exhibit A to the Amended Complaint, Lardas did not own an interest in WSP LLC at the time of the settlement agreement. Lardas had previously transferred her entire interest to her

nephew Christofalos. According to recitations in the settlement agreement, prior to consummation of the settlement agreement, Slavko Grcic ("Slavko") and Christofalos each were 50% members of WSP LLC. Under the settlement agreement, Christofalos became a 99% member and Slavko was to retain a 1% interest for two years.[2] Lardas's only stated benefit in the settlement agreement was that the opposing parties would dismiss the claims they made against her in two pending lawsuits. Reciprocally, she was to dismiss her claims against the opposing parties. The dismissal provisions also applied to claims between Christofalos and the opposing parties in those two lawsuits.

There is no contention that any party breached the settlement agreement by failing to dismiss the two lawsuits. Thus, Lardas received all the consideration she was promised in the settlement agreement. The alleged fraud and breach of contract relates only to Christofalos's acquisition of the 99% interest in WSP LLC. Defendants allegedly improperly interfered with obtaining financing for the continued operation of the Plaza and attempted to force a UCC sale of the Plaza to

---

[2]The settlement agreement also refers to eight other properties in which Christofalos had a 50% interest and Grcic family members owned the other 50%. There is no contention that Lardas owned any percentage of those properties nor any allegation that fraud was committed or the contract breached regarding the other properties.

Slavko. The UCC sale, however, was never consummated. Instead, Christofalos's 99% interest in WSP LLC and its 99% ownership of the Plaza became an asset of Christofalos's bankruptcy estate.

The fraud and breach of contract that has been alleged has no effect on Lardas; it only affects Christofalos's interest in the WSP LLC. Since Lardas is not injured by any of the alleged misconduct regarding WSP LLC, she has no standing to pursue the *Lardas* lawsuit. The *Lardas* lawsuit will be dismissed without prejudice for lack of subject matter jurisdiction. It is unnecessary to consider whether fraud or breach of contract are adequately alleged.

## **II.**

In the appeal from the Bankruptcy Court, Debtor Christofalos contends that the Bankruptcy Court should not permit the Trustee to sell his interest in the WSP LLC. The sale, which was approved on September 10, 2014, also included Christofalos's interest in pursuing the *Lardas* cause of action and a state court action (*WSP LLC v. Amalgamated Bank of Chicago*, No. 14 CH 316 (Lake Cy., Ill. Cir. Ct.)).³ Slavko and two of his sons purchased the interests for $15,000.

---

³Debtor provides no description of this state court action in which Christofalos is a named plaintiff. At the time the sale was approved, the *Lardas* action had previously been dismissed without prejudice with leave to reinstate if the Bankruptcy Court were to grant leave to proceed on the claims of Christofalos,

Debtor's primary contention is that he listed his interest in the WSP LLC as an exemption, no objection to the exemption was filed, and therefore he personally retains a full interest in the property.

On the January 24, 2014 amended Schedule B of his bankruptcy petition listing assets, Debtor included a 99% membership interest in WSP LLC that he valued at $0.00.[4] The original December 10, 2013 Schedule C list of exemptions, which has not been amended, includes the 82.3% membership interest in WSP LLC. For this item, both the "value of the claimed exemption" and the "current value of property without deducting exemption" are listed as $1.00. Debtor contends the $1.00 figure is a nominal value used for accounting purposes. Debtor points to 2011 appraisals and a 2012 tax valuation that valued the Plaza at less than the $5,000,000 mortgage on the property, which Debtor contends show that his membership interest had no positive value.

Relying on ***Taylor v. Freeland & Kronz***, 938 F.2d 420 (3d Cir. 1991), and to a lesser extent, that case's affirmance by the Supreme Court, 503 U.S. 638

---

which this court had determined belonged to the bankruptcy estate not Christofalos personally.

[4]The original schedule identified it as an 82.3% membership interest, also with a value of $0.00.

(1992), Debtor contends he is entitled to retain his entire interest in WSP LLC because neither the Trustee nor anyone else objected to his listed exemption. *Schwab v. Reilly*, 560 U.S. 770 (2010), however, is contrary to Debtor's contention. Debtor, though, contends that *Schwab* is distinguishable because it applies only to a situation in which the debtor "intentionally undervalued" an asset or claimed exemption.[5] *Schwab* contains no such limitation. *Schwab* is clear that when a debtor sets forth a dollar amount for an exemption even though the asset is actually worth more or is subsequently sold for more by the Trustee, the debtor is only entitled to the amount stated in the exemption. If the debtor wants the entire asset claimed as an exemption, he must make clear that is what he or she is claiming or at least list the value as unknown. *Schwab*, 560 U.S. at 782-87. As long as the amount listed in the exemption is within legal limits for an exemption, a trustee is not required to raise any objection to the exemption in order to limit the exempted amount to the amount stated on the scheduled exemption. *See id.* at

---

[5]At page 7 of his opening briefing, Debtor puts "intentionally undervalued" in quotations when discussing *Schwab*. On the next page, while still discussing *Schwab*, he puts "intentionally" in quotations followed by undervalued outside quotations. The word "intentionally," however, does not appear anywhere in *Schwab*. The word "undervalued" only appears near the end of the dissent, as well as the variations "undervaluing" and "undervaluation." *See Schwab*, 560 U.S. at 809-10 (Ginsburg, J., dissenting).

789. Christofalos claimed an exemption of $1.00 and the decision of the Bankruptcy Court provides that Christofalos will receive the amount claimed. No objection by the Trustee was necessary.

Additional contentions raised by Debtor in his opening brief are not discussed in his reply. However, defendant does not expressly abandon these contentions so they will be briefly addressed. Debtor contends the Trustee should have been compelled to abandon the interest in WSP LLC because it had negative value. Abandonment, however, is an action of the Trustee that must be approved by the Bankruptcy Court. Situations in which the Trustee is to be compelled to abandon property are exceptional. **In re K.C. Mach. & Tool Co.**, 816 F.2d 238, 246 (6th Cir. 1987); **In re Buerge**, 2014 WL 1309694 *19 n.151 (10th Cir. B.A.P. April 2, 2014) (unpublished). Even accepting the appraisals that Debtor relies upon,[6] that the property was worth less than the mortgage in 2011 does not necessarily mean that it was still underwater in 2014. In any event, the Trustee found a buyer and there is no contention that it was not a sufficient price for the property. It was not error to fail to compel the Trustee to abandon the property, particularly when a buyer for the property had been found..

---

[6]The 2012 valuation by the county assessor for real estate tax purposes does not necessarily represent the market value of the property.

Debtor's contentions based on issue and/or claim preclusion are without merit. He has not shown privity which is required for both issue and claim preclusion, a final decision on the merits for purposes of claim preclusion, nor that a ruling on value was necessary to a prior ruling for purposes of applying issue preclusion.

Last, Debtor contends the sale to the Grcics should not have been approved because it was a sale to a creditor in bad faith or with an ulterior motive. Debtor contends the Slavko purchase was done for the ulterior motive of covering up and completing the alleged fraud that had previously been perpetrated in order to take away Christofalos's interest in WSP LLC. However, evidence before the Bankruptcy Court did not support such fraud. The Bankruptcy Court found pursuant to 11 U.S.C. § 363(m) that the sale was in good faith and Debtor presents no sufficient basis for overturning that finding. There was no error in approving the sale.

The decision of the Bankruptcy Court will be affirmed.

IT IS THEREFORE ORDERED that:

(1) In 14 C 193, defendants' motion to dismiss [51] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against

plaintiff Patti Lardas dismissing plaintiff's cause of action without prejudice for lack of subject matter jurisdiction in that plaintiff Patti Lardas is without standing to pursue this action.

(2) In 14 C 6958, the Clerk of the Court is directed to enter judgment in favor of appellee bankruptcy Trustee Joseph Cohen and against appellant Debtor Danny Christofalos affirming the decision of the Bankruptcy Court approving the sale of assets set forth in its order dated September 10, 2014 [document 113] in Case No. 13 B 47319.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 29, 2015