IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATTI LARDAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 193 |
| | ) | |
| SLAVKO DRCIC. MILOVAN GRCIC, DRAZA GRCIC, THOMAS J. KARACIC and AMALGAMATED BANK of CHICAGO, an Illinois Banking Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |
| Danny Christofalos, | ) | |
| | ) | |
| Debtor-Appellant. | ) | |
| | ) | |
| v. | ) | No. 14 C 6958 |
| | ) | |
| Joseph E. Cohen, Chapter 7 Trustee, | ) ) | Appeal from the United States Bankruptcy Court, N.D. Ill. |
| Appellee. | ) | No. 13 B 47319 |

# **OPINION AND ORDER**

Before the court were two cases involving related issues: ***Lardas v. Grcic***, 14 C 193 ("***Lardas***"), alleging fraud and breach of contract claims, and ***In***

re Christofalos*, 14 C 6958 ("*Christofalos*"), a debtor's appeal from a decision of the Bankruptcy Court permitting the bankruptcy Trustee to sell an asset of the bankruptcy estate, the Debtor's 99% interest in Wauconda Shopping Plaza LLC ("WSP LLC"), which owns the Wauconda Shopping Plaza (the "Plaza"). The Debtor, Danny Christofalos, objected to the sale, contending his entire interest in WSP LLC is an exempt asset. In *Lardas*, plaintiff Patti Lardas (Christofalos's aunt) alleged that she was fraudulently induced to enter into a settlement of two lawsuits (*Grcic v. Christofalos*, No. 09 CH 1789 (Lake Cy. Ill. Cir. Ct.), and *Lardas v. Grcic*, No. 11 C 4258 (N.D. Ill.)) involving claims made by and against her and Christofalos involving the Plaza, WSP LLC, and other properties and entities. Christofalos had also been a plaintiff in *Lardas*, but his claims were dismissed without prejudice based on a holding that the claims belonged to the bankruptcy estate.

In a ruling dated January 29, 2015, *see* ***Lardas v. Grcic***, 2015 WL 444321 (N.D. Ill. Jan. 29, 2015), *Lardas* was dismissed without prejudice for lack of subject matter jurisdiction on the ground that Lardas lacked standing to bring the action. In the same ruling, the Bankruptcy Court's approval of the sale of WSP LLC in *Christofalos* was affirmed. In each case, a judgment was entered on the

docket on January 30, 2015. On February 7, 2015, Lardas and Christofalos jointly filed a motion to reconsider. While the caption of both cases was on the reconsideration motion, it was only docketed in *Lardas*. After being directed to do so by the court, on February 27, 2015, Christofalos docketed the motion in *Christofalos* as well. Since the joint motion was docketed in both cases within 28 days of the January 30, 2015 entries of judgment, the motion is considered to be a Fed. R. Civ. P. 59(e) motion in both cases. *See* Fed. R. Civ. P. 59(e); ***Ho v. Taflove***, 648 F.3d 489, 495 nn. 4-5 (7th Cir. 2011); ***Singh v. Kemper***, 2015 WL 1014659 *1 (E.D. Wis. March 9, 2015).[1]

In *Lardas*, it was held that Lardas received the consideration provided for her in the settlement, which was the dismissal of the claims against her in the pertinent lawsuits. The consideration she provided was the dismissal of the claims she made in the lawsuits. On reconsideration, Lardas contends that Christofalos's receipt of WSP LLC as part of the settlement made him a third-party beneficiary of her agreement to dismiss her claims and Christofalos being deprived of that

---

[1]Since Christofalos docketed the motion in *Christofalos* on the 28th day, it is unnecessary to determine whether docketing the motion in *Lardas* only within 28 days would have been sufficient for a timely Rule 59(e) motion in *Christofalos*. *Cf.* ***In re Mangum***, 2006 WL 3626775 (N.D. Ill. Dec. 07, 2006) (discussing timeliness of notice of appeal docketed in the wrong case).

- 3 -

property deprived Lardas of the full benefit that she expected from entering into the settlement. Christofalos, however, was himself a party to the settlement. Christofalos alone had standing to claim the deprivation of WSP LLC, which was consideration provided to him, not Lardas, in the settlement. However, since Christofalos is currently in bankruptcy, the bankruptcy Trustee in his stead has standing to bring the claim on behalf of the bankruptcy estate. Reconsideration in *Lardas* will be denied.

As to ***Christofalos***, it was held *inter alia* that Debtor was not being deprived of the $1.00 exemption he had claimed in WSP LLC; the evidence before the bankruptcy court did not support the existence of fraud that would make the sale one in bad faith; and Debtor presented no sufficient basis for overturning the Bankruptcy court's finding that the sale was in good faith. On reconsideration, Christofalos contends this court must accept as true the allegations of fraud in the Amended Complaint in *Lardas*. The Bankruptcy Court held a hearing regarding approval of the sale. There is no basis for holding that, in making findings based on evidence, the Court was bound to accept as true allegations made in another case. The Bankruptcy Court was not ruling on a motion to dismiss the Amended Complaint in *Lardas*. As previously held, no sufficient basis has been presented

for overturning the findings of the Bankruptcy Court.  Reconsideration will be denied.

      IT IS THEREFORE ORDERED that (1) in 14 C 193, plaintiff Lardas's motion for reconsideration [62] is denied and (2) in 14 C 6958, debtor-appellant's motion for reconsideration [18] is denied.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED:  MARCH  24, 2015