IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATTI LARDAS, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 14 C 193 |
| | ) |
| SLAVKO GRCIC, ET AL., | ) |
| | ) |
| Defendants. | ) |

# **OPINION AND ORDER**

This case (hereinafter "*Lardas*") was filed on January 13, 2014. The named plaintiffs in the original case were Patti Lardas and Danny Christofalos. Jurisdiction was based on diversity, with all the defendants being citizens of Illinois. Lardas is a citizen of Canada and it was alleged that Christofalos was a citizen of Wisconsin. A dispute existed as to whether, at the time the lawsuit was filed, Christofalos was domiciled in Illinois or Wisconsin. That dispute did not have to be resolved because Christofalos had a pending personal bankruptcy and it was determined that he had no standing because any claim he had belonged to the bankruptcy estate. On August 14, 2014, an order was entered in *Lardas* stating: "This case is dismissed without prejudice with leave to reinstate if the bankruptcy court grants leave to proceed on the claims." Christofalos thereafter moved in the

Bankruptcy Court for leave to pursue the claim he originally made in *Lardas*. That motion was denied by the Bankruptcy Court. Thereafter, Christofalos joined with Lardas in requesting that Christofalos's claims be withdrawn and that Lardas be permitted to proceed with an Amended Complaint naming Lardas as the only plaintiff. On September 4, 2014, that motion was granted and Lardas filed her Amended Complaint. Subsequently, Christofalos appealed from a Bankruptcy Court order permitting the Bankruptcy Trustee to sell certain assets of the bankruptcy estate, including the entity owning a shopping center that was related to Lardas's claims. *See* **Christofalos v. Cohen**, No. 14 C 6958 (N.D. Ill.) ("**Cohen**"). Also sold was the claim that Christofalos originally attempted to bring in *Lardas*. The purchasers were the Grcics, who are defendants in *Lardas*. Both the *Lardas* case and the bankruptcy appeal were assigned to the same judge. On January 29, 2015, in a consolidated opinion, it was held in *Lardas* that Lardas lacked standing and, in *Cohen*, that the decision of the Bankruptcy Court was affirmed. *See* **Lardas v. Drcic**, 2015 WL 444321 (N.D. Ill. Jan. 29, 2015). The next day, a judgment was entered in *Lardas* dismissing Lardas's cause of action without prejudice for lack of subject matter jurisdiction due to lack of standing. Following a March 24, 2015 ruling denying reconsideration in both *Lardas* and

*Cohen*, see ***Lardas v. Drcic***, 2015 WL 1406924 (N.D. Ill. March 24, 2015), Lardas and Christofalos each appealed her and his respective case. The two appeals proceeded jointly and were argued before the Seventh Circuit in October 2015. In December 2015, Christofalos appealed a Bankruptcy Court decision in an adversary proceeding denying discharge. This court affirmed the Bankruptcy Court's decision. ***Christofalos v. Kienlen***, 2016 WL 3268164 (N.D. Ill. June 14, 2016) (15 C 10832) ("*Kienlen*"). Christofalos appealed and the *Keinlen* appeal was consolidated with the ***Lardas*** and ***Cohen*** appeals, with additional briefing scheduled. That briefing has not yet been completed, which may explain why there has yet to be a ruling in the ***Lardas*** and ***Cohen*** appeals which were argued more than a year ago.

On December 12, 2016, Christofalos filed a motion in ***Lardas*** requesting that the court reopen the case, allow him to reinstate his claim, and assign a receiver to protect the shopping center property during the pendency of the litigation. Christofalos contends the Grcics are harming the value of the shopping center the Grcics purchased in Christofalos's bankruptcy proceeding. Christofalos contends he will reacquire the shopping center if he succeeds on his appeal and any related remand. Initially, an order was entered denying the motion to reopen,

stating: "The Court has no jurisdiction while the case is on appeal." Christofalos moves for reconsideration, contending the court is not deprived of jurisdiction because only Lardas is on appeal. When presenting the motion for reconsideration, Christofalos also orally contended protection of the property is collateral relief that may be granted while the *Lardas* case is pending on appeal.

Christofalos is not simply requesting collateral relief protecting property while the appeal pends. He is not presently a party to this case. He seeks to reinstate his original claim and litigate the merits of that claim. There has never been a finding that Christofalos's claim is distinct from Lardas's claim such that it would be appropriate for Lardas to proceed on appeal while Christofalos's claim remains pending in the District Court. *See* Fed. Rule Civ. P. 54(b). In any event, even if this court had jurisdiction to proceed separately on Christofalos's claim, there is no basis for reinstating Christofalos's claim. The Bankruptcy Court did not grant Christofalos leave to withdraw his claim from the bankruptcy and pursue it in the District Court. To the contrary, the Bankruptcy Court denied such a request and the claim was subsequently sold to the Grcics. Christofalos contends that was an improper sale, but that was an issue for the *Cohen* case which is presently on appeal before the Seventh Circuit. Additionally, Christofalos does

not address the unresolved issue of whether his citizenship is diverse from the citizenship of the defendants. Christofalos also does not assert any basis for finding that his motion to reopen, which presumably is pursuant to Fed. R. Civ. P. 60(b)(6), is brought within a reasonable time as required by that Rule. *Lardas* will not be reopened to permit Christofalos to proceed on his claim. Additionally, there is no basis for Christofalos to seek relief collateral to the *Lardas* appeal. Lardas is the one on appeal and she has requested no such relief. Moreover, there is no attempt to show any likelihood of success on appeal, no offer of a bond, and no contention (until a subsequent December 19, 2016 filing [ECF 87]) that any damage to the property cannot be satisfied by monetary relief.

IT IS THEREFORE ORDERED that Christofalos's motion for reconsideration [84] is denied.

ENTER:

*[signature: William T. Hart]*

UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 20, 2016